NOT DESIGNATED FOR PUBLICATION

Nos. 123,229
123,230

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PETRINA LOURINE SNIDER,
*Appellant*.


MEMORANDUM OPINION


Appeal from Montgomery District Court; F. WILLIAM CULLINS, judge. Opinion filed June 18, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).


Before MALONE, P.J., POWELL and WARNER, JJ.


PER CURIAM: Petrina Lourine Snider appeals the district court's revocation of her probation and the imposition of her underlying prison sentences in two cases which have been consolidated on appeal. We granted Snider's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). The State has not responded. After a review of the record, we affirm.

Pursuant to a plea agreement with the State, in 17 CR 514-I, Snider pled no contest to possession of methamphetamines, a severity level 5 drug felony, and possession of marijuana, a class A nonperson misdemeanor. In 18 CR 1-I, Snider pled no

1

contest to seven counts of forgery, seven counts of identity theft, and one count of theft, all nonperson felonies. At the sentencing hearing on September 18, 2018, the district court sentenced Snider to an aggregate sentence of 10 months in prison in each case but ordered the sentences to run consecutive to each other, for a total term of incarceration in both cases of 20 months. However, the district court granted Snider probation from both her prison sentences for a period of 18 months.

On January 2, 2019, Snider stipulated to violating her probation for failing to enter into drug treatment, waived her right to counsel and a hearing, and agreed to a three-day intermediate jail sanction.

On March 10, 2020, the State sought to revoke Snider's probation alleging, among other things, that Snider had committed new crimes while on probation as evidenced by her convictions in two Wilson County cases for theft, criminal damage to property, and criminal trespass. At her probation violation hearing held on July 21, 2020, Snider admitted to all the State's allegations, including her commission of new crimes. As a result, the district court, citing Snider's refusal to enter into drug treatment and her commission of new crimes, revoked her probation and imposed her underlying prison sentences.

Snider now appeals, arguing the district court abused its discretion by revoking her probation and ordering her to serve her prison sentences. Once a probation violation has been established, the decision to revoke probation is within the sound discretion of the district court. See *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020); *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). A district court abuses its discretion if it bases its decision on legal or factual errors or if no reasonable person would agree with its decision. *State v. Ballou*, 310 Kan. 591, 615, 448 P.3d 479 (2019). Snider bears the burden to show an abuse of discretion by the district court. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

In this case, the district court's discretion on whether to revoke probation was limited by the intermediate sanctions outlined in K.S.A. 2017 Supp. 22-3716. According to the law in effect at the time Snider committed her crimes, a district court was required to impose graduated intermediate sanctions before revoking an offender's probation. K.S.A. 2017 Supp. 22-3716(c); *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997 (2015). However, there are exceptions which permit a district court to revoke a defendant's probation without having previously imposed the statutorily required intermediate sanctions. One exception allows the district court to revoke probation without imposing sanctions if "the offender commits a new felony or misdemeanor while the offender is on probation." K.S.A. 2017 Supp. 22-3716(c)(8)(A).

Here, it is undisputed that Snider committed new crimes while on probation, meaning the district court had the legal authority to revoke Snider's probation. Moreover, Snider fails to persuade us why she should have been placed back on probation given her refusal to enter into drug treatment and her commission of new crimes while on probation. Under these facts, we have no trouble concluding that a reasonable person could agree with the district court's decision to revoke Snider's probation and order that she serve her underlying prison sentence.

Affirmed.